**OPINION OF THE JUSTICES of the Supreme Court in Response to Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

Dec. 3, 1968.

To His Excellency Charles L. Terry, Jr., Governor of Delaware.

Reference is made to your letter dated October 14, 1968, requesting the opinions of the Justices upon the following question:

"Does Article 8, Section 4 of the Delaware Constitution require that appropriations other than to state agencies be passed by a three-fourth vote of each House of the General Assembly?"

It appears from your letter that the Attorney General has requested that the question be presented because the conclusion he reached in the matter was "contrary to the long-accepted and old-established rule to the effect that all appropriations except to a state agency must have the three-quarter (¾) consent by both Houses of the General Assembly."

■ Since the question involves the proper construction of a provision of the State Constitution, 10 Del.C. § 141, authorizing this advisory opinion, applies.

Article 8, Section 4 of the Delaware Constitution, Del.C.Ann. provides:

"Section 4. No appropriation of the public money shall be made to, nor the bonds of this State be issued or loaned to any county, municipality or corporation, nor shall the credit of the State, by the guarantee or the endorsement of the bonds or other undertakings of any county, municipality or corporation, be pledged otherwise than pursuant to an Act of the General Assembly, passed with the concurrence of three-fourths of all the members elected to each House."

■ The language of this constitutional provision, in our opinions, is plain and clear: the three-fourths vote requirement is limited to appropriations made to "any county, municipality or corporation". The requirement is not made applicable to any other appropriation, either expressly or by implication. Therefore, the requirement is inapplicable to any appropriation except one made to a county, municipality, or corporation.

We have double-checked this conclusion by a review of the Constitutional Debates, although in the absence of ambiguity there is no room for construction. Apparently, the sole purpose of the framers, in adopting Article 8, Section 4, was to restrict grants of State funds to local governmental entities and corporations; indeed, it appears that an absolute prohibition as to such appropriations was discussed, but was discarded in favor of the three-fourths vote criteria. See 2 Delaware Constitutional Debates, 1897, pp. 1417–1422, 1528–1529, 1562–1565. Such constitutional restriction is not unusual. E. g., Florida Constitution, Article IX, Section 10, F.S.A.; Iowa Constitution, Article III, Section 30.

Accordingly, we are of the opinion that the requirement of Article 8, Section 4 of the Delaware Constitution applies only to appropriations made to a county, municipality, or corporation.

Our answer to the question presented, therefore, is in the negative.

The foregoing represents the unanimous opinion of all of the Justices.

Respectfully submitted,

Daniel F. Wolcott
Chief Justice
James B. Carey
D. L. Herrmann
Associate Justices